**NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000932
24-MAY-2024
07:49 AM
Dkt. 88 SO**

NO. CAAP-18-0000932

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


YI BING WANG, Complainant/Appellant-Appellant, v.
STATE OF HAWAI‘I, DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS;
JADE T. BUTAY in his official capacity of Director
of the Department of Labor and Industrial Relations,
State of Hawai‘i;[1] and CARMEN DI AMORE-SIAH,
Attorney at Law, A Law Corporation,
Respondents/Appellees-Appellees.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC171001119)


SUMMARY DISPOSITION ORDER
(By:  Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)

Complainant/Appellant-Appellant Yi Bing Wang

(**Employee**) appeals from the Circuit Court of the First Circuit's[2]

November 20, 2018 order affirming the State of Hawai‘i,

Department of Labor and Industrial Relations (**DLIR**) **Director's**

---

[1]  Pursuant to Hawai‘i Rules of Evidence Rule 201 and Hawai‘i Rules of Appellate Procedure Rule 43(c)(1), we take judicial notice that Jade T. Butay is the current Director of the Department of Labor and Industrial Relations, in place of Leonard Hoshijo.

[2]  The Honorable Keith K. Hiraoka presided.

decision and order. On appeal, Employee challenges the Director's decision that her work injury was not the sole reason for her suspension and discharge.[3]

Following five days of testimony and argument, the hearings officer rendered eighteen findings of fact, and determined Employee met her burden of showing by a preponderance

---

[3] Employee raises five points of error:

    A. The Court's Order, including its findings (2) and (4) above, and its Judgment and the Director's Decision and Order are clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record under [Hawaiʻi Revised Statutes (**HRS**)] §91-14(g)(5) [(Supp. 2016)]. . . .

    B. The Court in its Order and the Director in her Decision, contrary to the [hearings officer's] Recommended Decision, committed an error of law in concluding there was no violation of HRS §378-32(a)(2) [(2015)] . . . .

    C. The Director committed an error of law by erroneously ignoring the second part of the statute which reads: "Any employee who is discharged **because of** the work injury shall be given first preference of reemployment by the employer in any position which the employee is capable of performing and which becomes available . . ." HRS §378-32(a)(2) (emphasis added). . . .

    D. The Director's Decision (in those excerpts referenced in section A above) and, in turn the Court's Order, are arbitrary and capricious in disregarding the [hearings officer's] Conclusions of Law (containing some findings of fact) . . . .

    E. In applying a DLIR practice in calculating backpay, the [hearings officer] recommended an award of backpay to [Employee] based on an erroneous interpretation of "backpay" under HRS §378-35 [(2015)] that is legally incorrect as a matter of law and should be revised to award [Employee] full backpay[.]

Because we affirm the circuit court's November 20, 2018 order and the Director's May 31, 2017 Decision and Order, we need not reach the issue of backpay.

of the evidence that Respondent/Appellee-Appellee Carmen Di Amore-Siah (**Employer**) suspended or discharged Employee solely because she suffered a compensable work injury.

After considering exceptions filed by both parties, the Director adopted the hearings officer's findings of fact, but did not adopt the hearings officer's recommended decision. Instead, the Director concluded "the work injury may have been one of the factors that Employer considered in making the decision not to return Employee to her position" but "the work injury was not the sole, or only, reason for not returning Employee to her position."

The Director determined Employer was dissatisfied with Employee's "inconsistency in submitting daily and comprehensive case lists detailing cases worked on by Employee; failure to copy Employer on emails that Employee sent to clients – or failure to email clients; inconsistent work attendance; and translation and certification of an employment-verification document for a client."  (Footnotes omitted.)

The circuit court affirmed the Director's decision because the Director properly applied Hawai'i Revised Statutes (**HRS**) § 378-32(a)(2) (2015).  Employee timely appealed.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

the issues raised and the arguments advanced, we resolve the points of error as discussed below, and affirm.

**(1)** Employee contends Director's decision and the circuit court's order "are clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record under HRS §91-14(g)(5)[ (Supp. 2016)]."  In challenging the Director's findings, Employee argues "Employer made unmeritorious contentions that were not corroborated but were refuted by other witnesses[.]"

Of particular note is the challenged finding that "sources of Employer's dissatisfaction included inconsistency in submitting daily and comprehensive case lists detailing cases worked on by Employee; failure to copy Employer on emails that Employee sent to clients – or failure to email clients; inconsistent work attendance; and translation and certification of an employment-verification document for client."  (Footnotes omitted.)  Documents in the record supported this finding.  Thus, this finding was not clearly erroneous.  See Tauese v. State, Dep't of Lab. & Indus. Rels., 113 Hawaiʻi 1, 25, 147 P.3d 785, 809 (2006) (for clearly erroneous standard of review).

**(2)** Employee next contends the Director erred by construing HRS § 378-32(a)(2) too narrowly.

Under HRS § 378-32(a)(2), an employer is prohibited from suspending or discharging an employee *solely* based on a work injury:

> (a)　It shall be unlawful for any employer to suspend, discharge, or discriminate against any of the employer's employees:
>
> . . . .
>
> (2) Solely because the employee has suffered a work injury which arose out of and in the course of the employee's employment with the employer and which is compensable under chapter 386 unless the employee is no longer capable of performing the employee's work as a result of the work injury and the employer has no other available work which the employee is capable of performing. Any employee who is discharged because of the work injury shall be given first preference of reemployment by the employer in any position which the employee is capable of performing and which becomes available after the discharge and during the period thereafter until the employee secures new employment. . . .

(Emphases added and formatting altered.)

HRS chapter 378 Part III does not define "solely" so we turn to its common definition. See generally, HRS § 1-14 (2009). Solely is defined as "to the exclusion of all else" and "exclusively or only." Merriam-Webster, Solely Definition & Meaning, Merriam-Webster Online Dictionary (2024), https://www.merriam-webster.com/dictionary/solely [https://perma.cc/2U3E-AGW7]; Solely Definition & Meaning, Dictionary.com (2024), https://www.dictionary.com/browse/solely [https://perma.cc/S475-2BAW].

Because "solely" means only, the Director did not construe HRS § 378-32(a)(2) too narrowly in concluding

Employee's "work injury was not the sole, or only, reason for not returning Employee to her position."

**(3)** Relatedly, Employee argues the Director erroneously ignored the second part of HRS § 378-32(a)(2) giving first preference for reemployment, relying on Flores v. United Air Lines, Inc., 70 Haw. 1, 757 P.2d 641 (1988).

Contrary to Employee's argument, the provision giving first preference to an employee who is discharged because of the work injury only comes into play if the employee was terminated *solely* because of the work injury. Moreover, Employee's reliance on Flores is misplaced because, unlike in this case, it appears the employee in Flores was terminated solely due to the work injury. See 70 Haw. at 3-5, 757 P.2d at 642-43.

**(4)** Finally, Employee asserts the Director's decision was "arbitrary and capricious in disregarding the [hearing officer's] Conclusions of Law (containing some findings of fact) on the Employer's unmeritorious contentions, uncorroborated claims, and implicit credibility determinations[.]"

Nothing in Part III of HRS chapter 378 requires the Director to adopt the hearings officer's recommended decision. Hawaiʻi Administrative Rules (**HAR**) § 12-24-15 (eff. 1981) requires the director to "make a final decision stating the

reasons or basis therefor and enter an appropriate order" and prohibits the director from setting aside the hearings officer's findings of fact "unless clearly contrary to the weight of evidence."  HAR § 12-24-15(c), (d).

Contrary to Employee's argument that the Director disregarded the hearings officer's findings of fact, the Director expressly adopted all eighteen findings of fact. Significantly, none of the hearings officer's eighteen findings of facts determined credibility despite Employee's claim that "Employer was found not to be credible."  (Formatting altered.)

Although the hearings officer's discussion credited the office manager's testimony regarding the $400 retainer fee, Employer's complaint regarding the $400 retainer fee was not one of the sources of dissatisfaction with Employee's performance on which the Director's decision was based.

In sum, the Director adopted the hearings officer's findings of fact and provided a basis for her decision. Employee has not provided a statute or rule requiring the Director to adopt the hearings officer's recommendation.  Thus, we cannot conclude that the Director's decision to not adopt the hearings officer's recommendation was arbitrary or capricious. See generally, Paul's Elec. Serv., Inc. v. Befitel, 104 Hawaiʻi

412, 417, 91 P.3d 494, 499 (2004); HRS § 91-14(g)(6) (Supp. 2016).

For the above reasons, we affirm the circuit court's November 20, 2018 order and the Director's May 31, 2017 Decision and Order.

DATED:  Honolulu, Hawaiʻi, May 24, 2024.

On the briefs:

Dennis W. King,
(Deeley, King, Pang & Van Etten),
for Complainant/Appellant-Appellant.

Steven T. Barta,
for Respondent/Appellee-Appellee Carmen DiAmore-Siah.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge